UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA LEE, et al.,<br>Plaintiffs,<br>v.<br>CITY OF ELK GROVE, et al.,<br>Defendants. | No. 2:25-cv-02928-DC-SCR<br><br>ORDER GRANTING APPLICATIONS TO APPOINT GUARDIAN AD LITEM<br><br>(Doc. Nos. 16, 17) |

This matter is before the court on the applications filed by minor Plaintiffs K.S. and R.S. to appoint Taylor Vang Hernandez Estrada as their guardian ad litem. (Doc. Nos. 16, 17.) For the reasons explained below, the court will grant the applications and appoint Ms. Estrada as guardian ad litem for minor Plaintiffs K.S. and R.S.

Under Federal Rule of Civil Procedure 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by . . . a guardian ad litem." *See* L.R. 202(a) ("the attorney representing the minor" in an action "shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary . . ."). Where a minor does not have a representative appointed to sue on their behalf, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect [the] minor . . . ." Fed. R. Civ. P. 17(c).

The appointment of a guardian ad litem is more than a mere formality. *United States v.*

*30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

The proposed guardian ad litem, Ms. Estrada, is the maternal aunt of minor Plaintiffs K.S. and R.S. (Doc. No. 16 at ¶ 1.) In the pending applications, Ms. Estrada represents she is willing to serve as guardian ad litem for both minor Plaintiffs K.S. and R.S., and is committed to acting solely for their benefit throughout these proceedings. (*Id*. at ¶¶ 6, 12.) Ms. Estrada states she has no interests that conflict with or are adverse to the interests of either minor Plaintiff. (*Id*. at ¶ 8.) Notably, Ms. Estrada is not a party to this action. Further, Ms. Estrada declares she has not and will not accept any compensation or consideration from any Defendant and has no relationship with Defendants that would impair her ability to represent the minor Plaintiffs. (*Id*. at ¶¶ 9–10.)

The court has reviewed Plaintiffs' complaint and the pending applications and finds there does not appear to be any conflicts of interest between the minor Plaintiffs and Ms. Estrada, such that Ms. Estrada would be unsuitable to serve as a guardian ad litem. (*See* Doc. Nos. 1, 16, 17.) Thus, the court will grant the applications to appoint Ms. Estrada as the guardian ad litem of minor Plaintiffs K.S. and R.S.

Accordingly:

1. Plaintiffs K.S. and R.S.'s applications to appoint guardian ad litem (Doc. Nos. 16, 17) are GRANTED; and

/////

/////

/////

/////

2. Taylor Vang Hernandez Estrada is appointed to act as guardian ad litem for Plaintiffs K.S. and R.S. and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated: **August 16, 2026**

Dena Coggins
United States District Judge